[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S AND DEFENDANT'S MOTIONS FOR RECONSIDERATION
The Court, having reviewed the aforementioned motions of both the plaintiff and defendant, makes the following articulation of its findings and conclusions in the above-captioned matter:
In regard to the defendant's Motion For Reconsideration:
1. The meaning of the term "found" as used in the parties' agreement is not ambiguous. Their contract provided that the plaintiff would be entitled to a sales commission if anyone, including the defendant, procured a contract for the sale of the subject realty with the ultimate purchaser during the period of the parties' agreement. Even if the defendant and the ultimate purchasers were longstanding acquaintances, as they apparently were, the defendant remains obligated to pay the plaintiff his sales commission pursuant to their agreement.
2. The court in Nugent found that the contract of the parties was "an attempt to create by implication an exclusive right to sell listing, whereby the plaintiff broker would be entitled to his commission if he or anyone else effectuated the sale of the property during the term of the agreement." Nugent v. DelVecchio,36 Conn. Sup. 532, 538. (Emphasis added.)
The court in the instant case has found:
 (a) that the parties' agreement was, expressly, an exclusive right to sell listing agreement; and
 (b) that the plaintiff is entitled to his commission by virtue of the sale of the property effectuated by the defendant during the term of the agreement.
3. The "accommodation" referred to by the court in its memorandum of CT Page 10203 decision was the act of the defendant whereby he gave his potential buyers an extension of time until August 25, 1989, in order to obtain financing. Nowhere in its decision did the court find that the defendant "accommodated a potential buyer thereby entitling plaintiff to a commission."
(Emphasis added.)
4. The court has found the term of the contract between the plaintiff and defendant to be from April 13, 1989 to June 30, 1989. The court made no finding concerning any "extension" of the term of the contract.
5. The court has found, based upon the competent and credible evidence and testimony, that the plaintiff did not materially modify the terms of the contract.
6. The court has found, based on the competent and credible evidence and testimony, that the conveyance price from Batrows to Hatch for the subject property was $287,500.00. This finding is made notwithstanding the claim of the defendant that said amount includes consideration for other debts or obligations in addition the value of the real property conveyed by the defendant to his grantee.
In regard to the plaintiff's motion for reconsideration:
1. The court has considered the plaintiff's request for the award of statutory interest of 10% per annum pursuant to Sec. 37-3a, Conn. Gen. Stat. The court finds that the failure of the defendant to pay to the plaintiff a sales commission as a result of his conveyance of the subject property to the Batrows does not constitute a wrongful detention of funds as provided for in the statute.
According to the testimony, the defendant believed, albeit incorrectly, that his agreement with the plaintiff, by its terms, had expired prior to said conveyance and, further, that said conveyance was not a "sale" to the Batrows as contemplated by their agreement.
In order for the court to award the interest sought it must find that the detention was wrongful, under the circumstances and such award necessary to do complete justice to the plaintiff. Marcus v. Marcus, 175 Conn. 138, 146 (1978). The court in this case cannot make those findings. The request for statutory interest of 10% is denied. CT Page 10204
2. The court finds that during the term of the parties exclusive, listing agreement, someone was found, as that term has been articulated in the court's decree, who was ready, willing and able to purchase the property. That "person" was the Batrows, to whom the defendant did convey the property.
Additional evidence and testimony was offered by the plaintiff to establish that he showed the subject to the prospective purchasers and that at least one of them was ready, willing and able to purchase it, but for the lack of cooperation encountered during efforts to view the premises.
The court does not make any findings regarding those potential purchasers noting that the judgment as entered, makes such findings unnecessary.
JOSEPH W. DOHERTY, J.